

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5982 | **DATE** | 7/12/2001 |
| **CASE TITLE** | USA vs. STEVEN PINK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Pink's 2255 motion is denied and this case is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | Document Number |
| | Notified counsel by telephone. | | JUL 16 2001 date docketed | 17 |
| ✓ | Docketing to mail notices. | FILED FOR DOCKETING | | |
| ✓ | Mail AO 450 form. | 01 JUL 13 AM 9:28 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN PINK, )
 )
      Defendant-Movant, )
 )
v. ) No. 00 C 5982
 ) (95 CR 509-9)
 ) Paul E. Plunkett, Senior Judge
UNITED STATES OF AMERICA, )
 )
      Plaintiff-Respondent. )

DOCKETED
JUL 1 6 2001

## MEMORANDUM OPINION AND ORDER

On March 6, 1996, Steven Pink was convicted of possessing and distributing cocaine (Counts 7 and 14) and operating a drug conspiracy (Count 1). United States v. Smith, 223 F.3d 554, 561-62 (7th Cir. 2000). He received concurrent sentences of 260 months of imprisonment on Count 1 and 240 months of imprisonment on Counts 7 and 14. Pink has now filed a motion under 28 U.S.C. § ("section") 2255 to set aside his convictions and sentences. For the reasons stated below, the motion is denied and this case is dismissed.

### Discussion

Pink's first contention is that his 260-month sentence on Count 1 is unconstitutional under the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

reasonable doubt." Id. at 490. The default statutory maximum for operating a cocaine conspiracy, a schedule II drug, is twenty years. 21 U.S.C. §§ 812, 841(b)(1)(C), 846. Pursuant to the sentencing guidelines, Pink was sentenced to a prison term in excess of twenty years because the Court found that it was foreseeable to him that a gun would be used in the conspiracy. Because that finding was made by the Court, not the jury, Pink contends that Apprendi requires that his 260-month sentence be vacated.

Pink did not, however, raise this argument in his direct appeal. As a result, we can reach the merits of his Apprendi claim only if he can demonstrate cause for failing to raise it earlier and prejudice resulting from that failure. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). Apparently, Pink believes that he was not required to raise this claim because the Apprendi decision was not handed down until after his appeal was fully briefed and argued.[1] As our court of appeals has pointed out, however, "the lack of precedent for a position differs from 'cause' for failing to make a legal argument." Id. at 548. Had there been no reasonable legal basis for Pink to make an Apprendi-type argument on appeal, his failure to do so would be excused. Id. But, as the Seventh Circuit noted,

> [o]ther defendants had been making Apprendi-like arguments ever since the Sentencing Guidelines came into being, and in McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the Court addressed on the merits an argument along similar lines. [Pink] could have invoked the themes in McMillan, and for that matter In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), just as the Justices themselves did in Apprendi.

---

[1] However, Apprendi was decided three months *before* the Seventh Circuit issued its decision on Pink's appeal.

-2-

Id. at 548. Because there was ample legal basis for Pink to have raised an Apprendi-like claim in his direct appeal,[2] his failure to do so bars us from considering that claim now.

Pink also contends that his conviction should be vacated because he received ineffective assistance of trial counsel.[3] To prevail on this claim, Pink must show that: (1) his lawyer's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The error Pink cites is his counsel's failure to impeach Akera Stigler, who testified that he continuously sold drugs for Pink during the first six months of 1993, with his rap sheet, which indicates that Stigler was in prison for all but nine days in 1993. There is no dispute that Pink's counsel had the rap sheet during the trial; the government even marked it as an exhibit. Given the inconsistency between the rap sheet and Stigler's testimony, it was unreasonable for Pink's counsel not to attempt to impeach Stigler with it.

That error did not prejudice Pink, however. As we said in our opinion denying Pink's motion for a new trial:

> Irrespective of Stigler's testimony, the jury heard . . . that defendant Pink sold drugs directly to Officer Dwayne Johnson, that he cooked and packaged cocaine for resale, that Harris . . . [sold] defendant Pink an eighth to a quarter of a kilogram of cocaine each week, that Harris cooked the drugs in a way that enabled Pink to double the quantity of drugs for resale, that Pink was an assistant regent with the Gangster Disciples in 1993, that Pink's drug sales from the alley occurred from 1990 to 1993,

---

[2] In fact, Pink's co-defendants McCain, Ellis and Wilson attacked their sentence enhancements for being leaders of a continuing criminal enterprise on the basis of Apprendi in their appeals. See Smith, 223 F.3d at 562-66.

[3] Pink raised this claim in his direct appeal, but the Seventh Circuit declined to address it. See Smith, 223 F.3d at 577.

and that such drug sales were part of the conspiracy because the sales were under Hoover and Shell's control.

(1/27/98 Mem. Op. & Order at 2-3.) Moreover, as we noted in our opinion denying Pink's motion to reconsider our denial of his motion for a new trial,

> Defendant Pink admitted he was a co-regent in the gang. He admitted that Mr. Harris cooked cocaine for him, which increased the amount he had to sell. (Harris testified to this as well.) A codefendant, Shell, in a recorded conversation, discussed Pink's control over the alley. Pink was photographed in the alley while the drug sales were ongoing and was finally arrested in the alley with sixty-three packages of cocaine.
>
> These facts were proven independent of anything Stigler had to say. Exposure of Stigler's mistake or lie (whichever it is) about the times he was selling drugs for Mr. Pink would not, in our judgement, have had the slightest effect on the jury's verdict.

(3/10/98 Mem. Op. & Order at 2.) In short, there was overwhelming evidence, aside from Stigler's testimony, to support the jury's verdict against Pink. Because Pink cannot demonstrate that his counsel's error prejudiced him, his ineffective assistance of counsel claim fails.

## Conclusion

For the reasons set forth above, Pink's section 2255 motion is denied and this case is dismissed.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: July 12, 2001

-4-